## Lutes, et al. v. Louisville Nashville Railroad Company, et al.

(Decided March 27, 1914.)

### Appeal from Lee Circuit Court.

Deeds—Conveyance for School and Religious Purposes—Condemnation—Reversion.—When land is conveyed to school trustees to be used for school and religious purposes, and in order to avoid condemnation by a railroad company of the property conveyed, the trustees convey the property to the railroad in consideration of the purchase of another lot and the removal and repair of the buildings, the transaction will be given the same legal effect as if the land had been condemned, and the heirs of the donor will not be entitled to recover the property on the ground that it had to be used for the purposes for which it was donated, but will be entitled to the same reversionary rights in the property purchased that they had in the property sold.

THEO. B. BLAKEY and V. S. BEATTY for appellants.

WALLACE & HARRISS, B. D. WARFIELD, G. W. GOURLEY and SAM HURST for appelleees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 11, 1871, Samuel Beatty and his wife conveyed with covenant of general warranty, to David Pryse, James F. Blount and Z. T. Martin, Trustees of the Beattyville School District, a small tract of land situated in the City of Beattyville. The habendum clause in the deed is as follows:

TO HAVE AND TO HOLD the land hereby conveyed with the church or school house thereon, and to be used for educational or school purposes and as a church for all orthodox religious denominations unto the said Pryse, Blount, Martin, as trustees, and their successors in office forever, and the said Samuel Beatty for himself, heirs, executors and administrators, the aforesaid tract of land and appurtenances unto the said Pryse, Blount and Martin, and their successors in office, against the claim or claims of all and every person or persons whatsoever, doth and will forever warrant and defend the titles of these presents."

On August 22, 1912, the then trustees of the Beattyville School District conveyed the property in question to the Louisville & Nashville Railroad Cimpany. The consideration for the conveyance was the sum of $300 in cash, and the painting, repair and removal of the buildings to another site purchased by the trustees, and the construction of a cistern and two toilets on the new site.

Samuel Beatty died in the year 1880. His heirs, Harriett A. Lutes and others, brought this action against the defendants, Louisville & Nashville Railroad Company, and the trustees of the Beattyville School District, to recover the property conveyed by Samuel Beatty. The action was based on the fact that the conveyance was purely voluntary, and the property was donated to be used for school and religious purposes only, and having ceased to be used for these purposes it reverted to plaintiffs as heirs of the grantor. The defendants pleaded that the Louisville & Nashville Railroad Company was authorized by law to condemn property for railroad purposes. In the year 1912 it became necessary for the railroad, in the proper discharge of its obligations to the public as a common carrier, and in order to properly and safely carry on its railroad business and avoid annoyance to public travel, to eliminate dangerous and difficult grades and curves and to shorten the lines of its then existing railroad, to have the tract of land in controversy on which to construct and main-

tain its railroad. It duly filed and had recorded in the clerk's office of Lee County a map showing the change of the location of its railroad in that county, as well as the center and width thereof, and especially as the same applied to said tract of land. It complied with all the provisions of the law necessary to vest it with power and authority to condemn the tract in controversy if it could not contract with the owners thereof. Thereupon the trustees of the Beattyville School District, having ascertained that it was vested with the right of eminent domain, and could and would secure the possession of and title to said tract of land by condemnation, sold said tract of land to the railroad company for the sum of $300 cash, and an agreement on its part to move the building then on said tract of land therefrom, and to erect and construct same on a tract or parcel of land purchased by the trustees from the Beattyville Town Company, and to cover said buildings with 26-inch galvanized steel roofing, and paint the same with two coats of good paint, and place gutters on the same, and construct a good cistern and two toilets. Thereupon the trustees purchased a new school site. The defendant moved the buildings thereto, and put them in good repair. It also constructed the cistern and two toilets and complied with all the provisions of the agreement. Thereupon the trustees conveyed the old school lot to the railroad company by deed containing the following recitation:

"WITNESSETH: That, whereas, a portion of the present right of way of the Louisville and Atlantic Division of the party of the second part, in said city, county and State, and on which it has constructed and has been operating a railroad for less than twelve months last passed, adjoins a tract or parcel of land owned by and in the possession of the parties of the first part and hereinafter described, on which has been located certain buildings which have been used for educational and school purposes and as a church for all orthodox religious denominations, and,

"Whereas, it is necessary, in the proper construction, maintenance and operation of the railroad of the party of the second part, for it to take, secure and use certain portions of the said property of the parties of the first part on which to construct, operate and maintain a railroad track or tracks for the proper transaction of the business for which it was created, and

"Whereas, said railroad as now constructed is in close proximity to the buildings on the property of the parties of the first part and is adjacent to the yard around the same, and,

"Whereas, when such portion of the property of the parties of the first part as is necessary for the aforesaid uses of the party of the second part is taken by it, and a railroad track or tracks constructed thereon, the railroad of the party of the second part will be closer to said buildings than it now is, and,

"Whereas, on account of the present location of said railroad and of the proposed location of a track or tracks on said property of the parties of the first part, the said property of the parties of the first part has become and is undesirable to be used for educational, school and religious purposes on account of noise, smoke, cinders and danger of collisions from passing trains, and,

"Whereas, if said property is continued to be used for educational, school and religious purposes, the safety of persons and people, and especially of children attending school or church thereat, will be endangered, and,

"Whereas, the building on the said property of the parties of the first part are in need of repair, which will entail considerable expense on said school district, and,

"Whereas, the party of the second part has announced its purpose and intention of taking and securing the said property of the parties of the first part by condemnation proceedings if the same cannot be otherwise secured, and,

"Whereas, it is deemed best by the parties of the first part to secure another site to be used for educational and school purposes and as a church for all orthodox religious denominations."

Plaintiffs' demurrer to the answer was overruled. The demurrer was then carried back to the petition and sustained. Plaintiffs having declined to plead further, the petition was dismissed. From that judgment this appeal is prosecuted.

While it is a general rule of law that where there is a donation for a charitable purpose without a valuable consideration, the property reverts to the donor when the purposes of the donation fails, Grundy, Trustee, &c. v. Neal, &c., 147 Ky., 729; yet, under the facts of this case, we see no reason for applying this rule. It is ad-

mitted that the railroad had the power and right to condemn the property in question, and would have condemned it had it not been for the contract made with the trustees. The main purpose of the grantor was to make a donation for educational and religious purposes. Had the property been condemned it would not have reverted. Its proceeds would have been invested in other property. Plaintiffs would not have been entitled to the proceeds, or any part thereof. Here the parties have done by agreement exactly what could have been accomplished by condemnation proceedings. The transaction should therefore be given the same legal effect. Every circumstance tends to show that the trade made was a good one. Plaintiffs have the same reversionary rights in the property purchased that they had in the property sold. This conclusion works substantial justice. To hold otherwise would be inequitable. It follows that the ruling of the chancellor was proper.

Judgment affirmed.

The whole court sitting.