[Civ. No. 4549.   Third Appellate District.—June 11, 1932.]

CYRUS E. BOOTH, Appellant, v. COUNTY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

John C. Miles for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

PRESTON, P. J.—This is an appeal by plaintiff from a judgment declaring title to certain property to be vested in defendant County of Los Angeles subject to an easement for street purposes in favor of the city of Compton and refusing to quiet the title of plaintiff as prayed.

There is little dispute of fact and a general statement of the conditions existing, with reference to the title to the property involved, will suffice.

On June 27, 1884, one Harshman was the owner of the property. On said date Harshman made, executed and delivered to respondent County of Los Angeles his deed conveying to said county the property. The said deed, after describing the property, contained the following clause:

"This conveyance is made for the purpose of a road or highway, to revert to said J. J. Harshman, his heirs and assigns if not so used."

Immediately subsequent to the execution and delivery of said deed the County of Los Angeles used the premises as a road and continued said use until 1888, at which time the city of Compton was incorporated. It might here be noted that the lands here involved were at all times within the territory embraced by the city of Compton, though said city was not incorporated until the time mentioned. The land being within the corporate limits of the city it was used thereafter as a street and was continuously so used until about 1916, at which time "Alameda" Street, as it was called, was straightened out and paved so that it was moved some sixty feet to the west. Since that time the property has not been used as a street or road. The street has not

been vacated by any official action. Since 1916 the County of Los Angeles has been in possession of the premises, using the same continuously as a stock pile upon which to store decomposed granite and rock for the county road department.

It is further stipulated and agreed that any and all reversionary rights are in plaintiff.

█ We are of the opinion that the judgment must be affirmed. The law of the case may be taken from the opinion in the case of *Hasman* v. *Union High School*, 76 Cal. App. 629 [245 Pac. 464, 465]. In that case the land was conveyed to a school district, with the following clause inserted:

"To have and to hold all and singular the said premises . . . provided the same shall be used for the purpose of maintaining thereon a high school, otherwise the above described property shall revert to and become the property of the party of the first part, his heirs and assigns."

It was held that the condition of the deed was satisfied when the school district, in good faith, and without any intention at the time of changing the location of the school, erects buildings on the property and conducts a high school thereon for twenty-nine years and until the interests of the school demand a change of location.

The language of the deed in the cited case seems much stronger than the language of the deed here under consideration, in that the deed to the school district contained therein some notion of a school being maintained. Disregarding the factual similarity, certain well-established principles of law are affirmed in the Hasman case, which apply with equal force to the case before us.

The established rule is that where the right to a forfeiture is created by contract or by law it has always been considered that it was necessary to restrain it to the most technical limits of the terms and conditions upon which the right is to be exercised. (*Downing* v. *Cutting Packing Co.*, 183 Cal. 91 [190 Pac. 455].)

Without further citation reference may be had to the authorities cited in the Hasman case, all going to support the rule.

Paraphrasing a portion of the opinion in the main case cited, had it been the intention of the grantor herein that

the property should revert upon the discontinuance of its use for road purposes, it would have been so easy to have so stated in plain and simple language that it must be inferred from the terms actually employed that such was not the intention of the grantor. There appears nothing harsh or inequitable in upholding the rule. It may be assumed, from a general experience, that the entire object of the condition was accomplished when a road or public highway was established and accepted by the public. Cases holding to a seemingly contrary view as cited by appellant are distinguished in the cases cited herein.

The road was maintained upon the property for a period of thirty-two years, and according to the finding of the court below is still being used for road purposes, to wit, as a storage site for gravel used in adjacent highway work.

Appellant urges a claim of estoppel against the County of Los Angeles. This claim is based upon the record in a certain case or proceeding wherein a predecessor in interest of plaintiff's reversion sought to quiet his title against the city of Compton and the County of Los Angeles. The defendant County of Los Angeles filed its answer wherein it was alleged that the property lay wholly within the city of Compton and that the said county claimed no right, title or interest therein. The present plaintiff was not a party to that action and the action never reached a judgment, being subsequently dismissed.

Estoppel rarely, if ever, works automatically, without regard to person. It is elementary that to entitle one to urge the act of another as an estoppel against the latter's asserting some right or claim at variance with the estopping act there must be shown some prejudice to the one urging the estoppel.

Without going into nicety of detail we may turn to the unassailed finding of the court below, which is as follows: That the plaintiff herein did not acquire any interest in said premises in reliance upon said disclaimer. Said finding standing unchallenged it is presumed that there were sufficient facts in support thereof. In any event, a mere denial or waiver of public rights does not estop the state or any of its branches.

It may be conceded, as stated in *Johnston* v. *City of Los Angeles*, 176 Cal. 480 [168 Pac. 1047], that such a dis-

claimer, taken with all of the other testimony upon this subject, has certain evidentiary value which must be regarded. We assume, to repeat, that whatever evidentiary value this fact may have had due weight was given thereto in reaching the finding noted.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.