[L. A. No. 18171. In Bank. Feb. 17, 1943.]

WILLIAM S. ROSECRANS et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), et al., Respondents.

603

Paul Overton and J. G. Leovy for Appellants.

Frank Karr, C. W. Cornell and Randolph Karr for Respondents.

CARTER, J.—Plaintiffs appeal from a judgment of dismissal entered upon an order sustaining a demurrer to their complaint.

Plaintiffs are the successors in interest of Carl F. and Lillian T. Rosecrans, husband and wife, who were the grantors in a deed dated September 17, 1907, which conveyed to H. E. Huntington, the predecessor of defendant, Pacific Electric Railway Company, a corporation, a right of way for a railroad across the real property therein described. It is stated in said deed that for the consideration of $1 and other valuable consideration, the grantors grant to the grantee the right of way for a railway; that the grant is given and accepted "upon the following conditions" which are "hereby made to be binding upon" the grantee "his heirs and assigns forever." The conditions are that the grantee or his assigns shall construct and operate an electrical railway on a specified grade over the right of way and have it com-

pleted on or before January 1, 1908; that the right of way shall be fenced by the grantee at the request of the grantor, leaving or making such openings as are necessary for street crossings; that street crossings of a specified character shall be provided and maintained; that no excavations are to be made on the land adjoining the right of way except for street crossings; that excavated material shall be removed; that culverts shall be constructed; that the grant is made upon the ''express condition'' that the grantee shall stop passenger cars for the discharge and reception of passengers at indicated points; that no structure for the employees or tenants of the grantee shall be maintained on the right of way. Then appears the condition alleged to have been broken. It reads: ''The aforesaid right of way is granted upon the further *express condition* that second party or his assigns shall establish *and maintain* over the railway to be constructed as hereinbefore provided, a daily service of not less than 18 local passenger cars or passenger trains each way; and that second party or assigns shall on each and every day run not less than 18 local passenger cars or passenger trains each way over said railway, and from each end of said railway to the other.'' (Emphasis added.) With reference to a breach of the conditions it is stated: ''Each of the conditions hereinbefore stated as conditions upon which the aforesaid right of way is granted, *is hereby declared to be a condition and not a personal covenant,* and said right of way is granted upon said conditions, and the breach by second party or assigns of any of said conditions will render the conveyance null and void, and upon such breach the right of way hereby granted shall revert to first party his heirs or assigns, and upon such breach, first party, his heirs or assigns shall have the right to enter upon said right of way and take possession thereof.

''Each of the aforesaid conditions is made for the benefit of first party, his heirs and assigns, and shall bind second party, his heirs and assigns and the right of way hereby granted.'' (Emphasis added.)

Plaintiffs' action is one to quiet their title against defendants, alleging that defendants and their predecessors had operated an electric railway on the right of way from 1908 to 1940, but since said time defendant Pacific Electric Railway Company has failed to operate or run passenger

trains and cars on the railway or right of way and has refused upon demand to do so.

The above-quoted clause in the deed which is here involved, is clearly a condition subsequent rather than a covenant. It is true, that as the breach of a condition subsequent involves a forfeiture, a clause in a deed imposing obligations or restrictions on the grantee, will be construed as a covenant rather than a condition subsequent when that can reasonably be done. (*Gramer* v. *City of Sacramento,* 2 Cal.2d 432 [41 P.2d 543]; *McBride* v. *Freeman,* 191 Cal. 152 [215 P. 678].) However, such construction will not be given contrary to the intention of the parties. (*Knight* v. *Black,* 19 Cal.App. 518 [126 P. 512].) Where the words employed show a clear and unmistakable intention on the part of the grantor to create a condition subsequent it will be upheld. (*Firth* v. *Marovich,* 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D, 1190]; *Firth* v. *Los Angeles Pacific Land Co.,* 28 Cal.App. 399 [152 P. 935].) The use of the words such as "upon the express condition that" are appropriate to create a condition subsequent. (*Victoria Hospital Assoc.* v. *All Persons,* 169 Cal. 455 [147 P. 124].) And likewise, evidence of the intention to create a condition subsequent is found in a provision for forfeiture and right of reentry or power of termination. (*Fitzgerald* v. *County of Modoc,* 164 Cal. 493 [120 P. 794, 44 L.R.A. N.S. 1229].) In the instant case not only was the clause involved stated to be an express condition, but right of reentry was given, it was expressly stated that the clause was a condition and not a personal covenant, and the granting clause stated that the right of way was granted for an electric railway. The clause did therefore constitute a condition subsequent. (See *Parsons* v. *Smilie,* 97 Cal. 647 [32 P. 702]; *Fitzgerald* v. *County of Modoc, supra; Miller* v. *Shaw,* 50 Cal.App. 702 [195 P. 743]; *Johnston* v. *City of Los Angeles,* 176 Cal. 479 [168 P. 1047]; *Firth* v. *Los Angeles Pacific Land Co., supra; Title Guarantee & Trust Co.* v. *Garrott,* 42 Cal.App. 152 [183 P. 470]; *Romero* v. *Department of Public Works,* 17 Cal.2d 189 [109 P.2d 662].)

In support of the judgment defendants invoke the rule that a condition involving a forfeiture should be strictly construed against the one relying upon such condition. (Civ. Code, §§ 1442, 1069; *Michaelian* v. *Elba Land Co.,* 76

Cal.App. 541 [245 P. 476]; *Conner* v. *Lowery*, 94 Cal.App. 323 [271 P. 118]; *Victoria Hospital Assoc.* v. *All Persons, supra; Behlow* v. *Southern Pacific R. R. Co.*, 130 Cal. 16 [62 P. 295]; *Hasman* v. *Elk Grove Union High School*, 76 Cal.App. 629 [245 P. 464].) And that in light of that rule the deed must be construed to mean that the above-quoted condition was satisfied by the furnishing of the passenger service for over 30 years as shown by the complaint, and therefore, the condition did not require a perpetual use of the right of way for passenger service.

We believe that the solution of the problem depends upon the correct interpretation of the condition in the light of the deed as a whole in order to ascertain the intention of the parties. Looking at the face of the deed alone there are several factors which clearly indicate an intention that the service required by the condition was to be maintained perpetually. There are many things to be done or not done by the grantee as heretofore outlined. They are of a nature which are clearly of benefit to the grantors. A comprehensive scheme is set forth with relation to the operation of the railroad, the maintenance of the right of way, and the relation of the right of way to the adjoining property such as grades, street crossings, culverts and the like. It indicates a definite plan embracing future contingencies. The plan contemplates permanency in the improvement and use of the right of way, rather than mere temporary expediency. Under such circumstances it is not to be supposed that it was intended that the conditions need be complied with for any such limited period as ten, twenty or fifty years. A railroad is of a permanent character. Likewise, its effect upon the property adjoining the right of way is wide reaching and permanently affects the nature of the development of that property, its value, and population trends. The condition in question requires that the specified passenger service must be both established and maintained. Effect should be given to both of those words. Even if establishment be construed to mean merely to commence, mere commencement will not suffice to satisfy the condition. It must also be maintained. The initial construction of the railroad is required in other clauses of the deed. It is specified that the grantee "shall build, construct and operate a first class electrical railway . . . and have said railway constructed, and completed on or before" January 1, 1908. Another clause requires the stop-

ping of passenger cars at points designated by the grantors and "that said cars or trains shall so stop as long as second party or assigns shall operate the . . . railway." The railway is still being operated, and hence the passenger trains must still make the designated stops. Of course, passenger trains cannot be stopped if none are run. It will be remembered that the deed states that the right of way is given and accepted upon the following conditions (the clause here involved being one of such following conditions), which are thereby made binding upon the grantee *"his heirs, and assigns* forever." Some significance may be given to the use of the word "forever" in addition to tenure. If the conditions are to be binding "forever," it indicates that compliance must be had with the condition in question "forever" or perpetually. Other words are also significant. To maintain means "To hold or keep in any particular state or condition; . . . not to suffer to fail or decline"; (Webster's New International Dictionary, 2d ed.) When the passenger service has been discontinued by defendant, it has suffered or permitted it to fail contrary to its obligation to maintain it. The word "establish" carries with it the implication of originating with a view to its permanent existence. (*People* v. *Superior Court,* 10 Cal.2d 288, 295 [73 P.2d 1221].) To establish and maintain embraces a continuing obligation. (*Piper* v. *Choctaw Northern Townsite & Imp. Co.,* 16 Okla. 436 [85 P. 965, 966].) In the light of the deed as a whole those words should be given that meaning. To construe the condition otherwise would be contrary to the clear and plain intention of the parties; such intention may not be brushed aside by invoking the rule that conditions are to be construed against the one relying thereon.

Reliance is placed upon the case of *O. T. Johnson Corp.* v. *Pacific Electric Railway Co.,* 19 Cal.App.2d 306 [65 P.2d 368]. There the clause provided that upon the completion of the railroad and the commencement of the operation of passenger trains thereon, regular passenger trains shall be operated at certain specified minimum intervals. There was no requirement contained in the documents there involved that passenger service be established and maintained. The language there employed together with the other clauses may have been susceptible of the construction placed upon it by the court that perpetual passenger service was not re-

quired. In the instant case the proper construction of the instrument here involved leads to the conclusion that there was express provision for perpetual passenger service. The rule there announced is that ''an agreement to devote land to a particular use'' does not imply ''an agreement to perpetually devote it to that use.'' In the instant case we have more than that. No hearing was sought in this court after the decision in the Johnson case and we do not regard it as a controlling authority. In *Hasman* v. *The Elk Grove Union High School, supra,* the clause merely provided that the land should be used for maintaining a high school thereon. The words employed in the deed in the instant case were not used, nor were the other above discussed factors present. Furthermore, the court reasoned that the deed did not provide for reversion upon discontinuance of the use but only upon failure to so use it. That reasoning is rendered doubtful by the decision of this court in *Romero* v. *Department of Public Works, supra.* In *Booth* v. *County of Los Angeles,* 124 Cal.App. 259, 260 [12 P.2d 72], the clause merely provided that the conveyance was made for the purpose of a road, to revert if not so used. Manifestly, that case is distinguishable. Other cases are collected in 7 A.L.R. 817, but each case must be determined on its particular facts. The commentator's note in 7 A.L.R. 817, reads that ''in the *absence* of a specified term . . . or of *express and suitable* words showing an intention that performance shall be perpetual . . . a condition subsequent for the maintenance of a railroad . . . is . . . complied with by a performance covering a term of years.'' Here appropriate words in the light of the deed as a whole, were used. The basis of the decisions in the above-mentioned cases is not clear. Some seem to be on the basis of an interpretation of the deed, others on the proposition that compliance for several years is a substantial performance of the condition, and yet others on a combination of the two. The most rational ground would seem to be an interpretation of the clause itself, because once it is interpreted, and hence has an unquestioned meaning, the matter of performance need not be complicated by the question of substantial or nonsubstantial performance. If the language is interpreted to mean that the condition need not be complied with perpetually but only for a reasonable time, there would be no question of substantial performance. The only remaining issue is what constitutes a reasonable time. If

mere use for the purpose specified in the condition is the correct construction, then there is no issue of reasonable time inasmuch as a day's use might suffice.

Defendant discusses, as bearing upon the issue here involved, the public nature of the service rendered by a railroad company, the public interest involved, its right as a public utility to continue to use the right of way, the right of eminent domain implicit therein, and action by government regulatory bodies in reference to its operations, and the impossibility of it performing the condition because of such regulation. Those are matters of defense to be asserted by defendant if desired. We are not now required to and do not here pass upon their merit or soundness. The appeal is from a judgment entered after demurrer sustained and it cannot be said that merely because defendant railroad company is still operating that those questions must now be determined. We hold only that the complaint states a cause of action in view of the provisions of the deed there pleaded.

The judgment is reversed.

Shenk, J., Curtis, J., Traynor, J., and Peters, J. pro tem., concurred.