[Civ. No. 5213.   Fourth Dist.   Dec. 2, 1955.]

SAVANNA SCHOOL DISTRICT OF ORANGE COUNTY, Respondent, v. ETHEL McLEOD et al., Appellants.

Leroy P. Anderson for Appellants.

Joel E. Ogle, County Counsel (Orange), George F. Holden and Stephen K. Tamura, Assistant County Counsel, for Respondent.

MUSSELL, J.—This is an action for declaratory relief and to quiet title to land in Orange County, deeded to plaintiff for school purposes. On July 25, 1904, W. J. Cole and Emma Cole, husband and wife, deeded the land involved to the respondent school district. The deed contained the following language:

"That the parties of the first part do hereby grant unto the said party of the second part, subject to the terms, conditions and agreements hereinafter contained, and solely for the uses and purposes hereinafter stated, that certain lot, piece or parcel of land situate in the County of Orange, State of California, and described as follows: (Here follows description of the property.)

"Said land is hereby conveyed to said party of the second part for public school purposes only, and it is expressly understood and agreed that as a consideration for this conveyance said party of the second part shall build and maintain a public school building on said land, and that the title and ownership of said land shall revert to said parties of the first part upon a failure by said party of the second part to erect and maintain a building thereon to be used exclusively for public school purposes."

After the execution of this deed the school district took possession of the property and erected a frame building

thereon which it continuously used and maintained for school purposes until 1931. In that year the district removed the frame building and in its place constructed a brick building which it continuously used and maintained exclusively for school purposes from 1931 to 1949. During the year 1949 the brick building was found to be unsafe for school purposes and the district then abandoned it and acquired a new site upon which it now conducts its school. Since 1949 the brick building has not been used for school purposes.

In 1953 plaintiff commenced this action against appellants, each of whom claim a fractional interest in the property as descendants of the grantors and as distributees of the estate of W. J. Cole, one of the grantors. Appellants claim title to the property on the ground that the land reverted to them when the school district abandoned the school building in 1949 and ceased to use it for school purposes.

The trial court found the facts as stated and further found that plaintiff had performed all conditions to be performed by it as set forth in the grant deed; that the erection of a building on said property for public school purposes and the use of said building for said school purposes for a period of 45 years constituted a full performance by plaintiff of all the terms and provisions of said deed; that plaintiff is now and for a period of 45 years last past has been the owner of and in possession of the land involved; that the claims of defendants to said property are without any right whatsoever and that defendants have not, nor have any of them, any right, title or interest whatever in said land. Defendants appeal from the judgment decreeing that the school district is the owner of the property and that the defendants have no right, title or interest therein.

This is an appeal on the judgment roll alone. Therefore, the findings are to receive such a construction as will uphold rather than defeat the judgment, and wherever, from the facts found, other facts may be inferred which will support the judgment, such inference will be deemed to have been made. (*Goldberg* v. *List*, 11 Cal.2d 389, 394 [79 P.2d 1087, 116 A.L.R. 900].) The findings should receive a liberal construction to uphold rather than to defeat the judgment and we are here limited to a determination of whether the judgment is supported by the findings, and whether error appears upon the face of the record. (*Montaldo* v. *Hires Bottling Co.*, 59 Cal.App.2d 642, 646 [139 P.2d 666].)

■ A clause in a deed imposing obligations or restrictions on the grantee will be construed as a covenant rather than a condition subsequent when that can reasonably be done and such condition and restriction must be interpreted in the light of the deed as a whole in order to ascertain the intention of the parties. (*Rosecrans* v. *Pacific Elec. Ry. Co.*, 21 Cal.2d 602, 605-606 [134 P.2d 245]; *Tamalpais etc. Co.* v. *Northwestern Pac. R. Co.*, 73 Cal.App.2d 917, 929 [167 P.2d 825].) A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. (Civ. Code, § 1442.) ■ Conditions subsequent are those which in terms operate upon an estate conveyed and render it liable to be defeated for the breach of the conditions. ■ As is said in *Gramer* v. *City of Sacramento*, 2 Cal.2d 432, 437-438 [41 P.2d 543]:

"Such conditions are not favored in law because they tend to destroy estates, and no condition in a deed relied on to create a condition subsequent will be so interpreted if the language of the provision will bear other reasonable construction. . . . There must be language used which is so clear as to leave no doubt that the grantor intended that an estate upon condition subsequent should be created—language which *ex proprio vigore* imports such a condition."

■ A grant of the character here involved is to be interpreted in favor of the grantee. (*Streicher* v. *Heimburge*, 205 Cal. 675, 683 [272 P. 290].) We are of the opinion that the law stated in *Hasman* v. *Elk Grove Union High School*, 76 Cal.App. 629 [245 P. 464], is controlling in the instant case. That case has been commented upon in such cases as *O. T. Johnson Corp.* v. *Pacific Elec. Ry. Co.*, 19 Cal.App.2d 306, 311 [65 P.2d 368], *Booth* v. *County of Los Angeles*, 124 Cal. App. 259, 261 [12 P.2d 72], and *Rosecrans* v. *Pacific Elec. Ry. Co.*, 21 Cal.2d 602, 606, *supra*, and apparently has not been overruled. In the Hasman case, the action was brought by the administratrix of the estate of Joseph Kerr for the recovery of certain real property conveyed by Kerr to the defendant school district in 1893. The property was conveyed to the school trustees "to have and to hold all and singular the said premises, together with the appurtenances, unto the said parties of the second part and to their successors forever, provided the same shall be used for the purpose of maintaining thereon a high school, otherwise the above described property shall revert to and become the property of the party of the first part, his heirs or assigns." Upon the execution of

the deed the high school went into possession of the property, erected buildings thereon, and continuously thereafter maintained a high school upon the premises until September 29, 1922, and during that period of time no other property was used for high school purposes. In December, 1920, at an election, the electors voted in favor of changing the location of the school to a new site. Thereafter buildings were erected on the new site and the main activities of the high school were conducted thereon. The buildings on the old site were used for classes in agriculture and "during stormy weather, the athletic classes and work have been conducted thereon." The court there held that to maintain a school does not necessarily mean to keep it up perpetually; that the deed involved could be reasonably interpreted so as to avoid a forfeiture; that in compliance with the literal terms of the deed, the property was "used for the purpose of maintaining thereon a high school," and the deed did not provide for a reversion upon the discontinuance of such use, but only upon failure to so use it; that the condition of the deed was satisfied when the high school district in good faith, and without any intention at the time of changing the location of the school, erected buildings on the property and conducted a high school thereon for 29 years, and until the interests of the school demanded a change of location; that such use of the property was a permanent use even though the use of the property for school purposes was subsequently abandoned.

In *Booth* v. *County of Los Angeles,* 124 Cal.App. 259, *supra,* one Harshman in 1884 conveyed certain real property to the county of Los Angeles. The deed contained the following clause: "This conveyance is made for the purpose of a road or highway, to revert to said J. J. Harshman, his heirs and assigns if not so used." Immediately subsequent to the execution of this deed the county of Los Angeles used the premises as a road and continued said use until 1888 when the city of Compton was incorporated. The land, being within the corporate limits of the city, was used thereafter as a street and was continuously so used until about 1916. Since that year the county has been in possession of the premises, using the same continuously as a stockpile upon which to store decomposed granite and rock for the county road department. The court followed and affirmed the law stated in the opinion in the Hasman case, *supra,* and held that the entire object of the condition of the deed was accomplished when a road or public highway was established

and accepted by the public and that "Had it been the intention of the grantor herein that the property should revert upon the discontinuance of its use for road purposes, it would have been so easy to have so stated in plain and simple language that it must be inferred from the terms actually employed that such was not the intention of the grantor."

In the Hasman and Booth cases, *supra*, the deeds provided for reversion to the grantors, *"his heirs and assigns"* and in the instant case the deed provides for a reversion to the grantors. The language used may be reasonably construed as meaning that the condition was intended by the grantors to be effective only during their lifetime. (*Rowbotham* v. *Jackson,* 68 S.D. 566 [5 N.W.2d 36, 142 A.L.R. 193].) In *Victoria Hospital Assn.* v. *All Persons,* 169 Cal. 455 [147 P. 124], the deed involved contained the following provisions: "This deed is made upon the express condition and for the consideration that the said real property hereby conveyed . . . shall be used by the said party of the second part for benevolent purposes." The court said, page 462-463:

"It is further to be noted that the grant is made 'for the *consideration* hereinafter stated,' and that the 'consideration' thus referred to is the matter relied upon as expressing a condition. The words 'upon the express condition' are followed by the words 'and for the consideration that the said real property . . . shall be used,' etc., indicating that the words 'condition' and 'consideration' were used as expressing the same idea. If the words 'upon the express condition' be here given the technical effect claimed for them by appellant, they are inconsistent with the words 'for the consideration' which simply imply a promise or covenant on the part of the grantee to use the property in the way prescribed, rather than a mere condition having no promissory force."

The findings of the trial court that the erection of buildings on the premises involved for school purposes and the use of said buildings for such purposes for 45 years constituted a full performance by plaintiff of all the terms and provisions of the questioned deed are supported by the record.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.