383 P.2d 274

**STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellee,**

v.

**Helen Jane MYERS, and all unknown persons claiming any right, title, interest or easement in and to any of the real estate hereinafter described, Defendant-Appellant.**

No. 7222.

Supreme Court of New Mexico.

June 24, 1963.

**320**

Robert S. Skinner, Raton, for appellant.

Earl E. Hartley, Atty. Gen., Joseph L. Droege and Oliver G. Ricketson, III, Sp. Asst. Attys. Gen., Sante Fe, for appellee.

NOBLE, Justice.

Helen Jane Myers was the owner of a number of lots abutting on public streets and alleys in Raton, New Mexico, which were condemned by the highway commission for a non-access bypass highway through the city. A part of the property taken consisted of defendant's naked title to lands underlying an easement for public travel within the streets and alleys. She has appealed from the condemnation judgment denying compensation for the taking of such underlying fee title to lands owned by her in such streets and alleys.

The court found that defendant Myers owned the underlying naked fee to one-half the width of the public streets and alleys upon which her lots abutted, and that the city of Raton held an easement over the surface thereof for purposes of public travel. No attack is made on these findings of fact.

The parties agree that the condemnation of the specific lots of defendant extended to and the state thereby acquired the naked fee title owned by defendant to the portions of the streets and alleys upon which defendant's lots abutted. Compare Nickson v. Garry, 51 N.M. 100, 179 P.2d 524.

The fee title ownership of defendant underlying the public easement in the streets and alleys is more than a possibility of reverter, and is a present, not a future interest. 1 Simes and Smith, Future Interests, § 289. Prall v. Burckhartt, 299 Ill. 19, 132 N.E. 280, 18 A.L.R. 992, is clearly distinguishable. It is well settled that when an easement has been acquired for public use, such as a highway, such easement is extinguished if the public use is subsequently abandoned, and possession of the land reverts to the owner of the fee free from any rights in the public. 3 Nichols, Eminent Domain, § 9.36.

It is the question of payment for that present interest in the underlying fee that is the subject of this appeal. However, where, as here, the public use of the surface continues, the authorities generally agree that the possibility of voluntary abandonment by non-use is so remote and improbable that this interest has no sub-

stantial value in a condemnation proceeding. The rule was expressed thus in Romero v. Department of Public Works, 17 Cal.2d 189, 109 P.2d 662, at 665, as quoted in State by State Highway Com'r v. Cooper, 24 N.J. 261, 131 A.2d 756:

"* * * They [the authorities] recognize, however, that the owner of the fee or the reversionary interest should have a separate valuation of his interest where the land taken has some special value to him, as where the underlying lands are shown to be mineral bearing or otherwise of value separately from the use of the surface of the land; but that otherwise the law will not take notice of the separate value of the fee and of the user where there is no substantial difference in their values, and if, in such case, at the time fixed for the valuation the reversion has not occurred, the reversionary interest is said not to have any compensable value in a condemnation proceeding. Southern Pac. R. Co. v. San Francisco Sav. Union, 146 Cal. 290, 79 P. 961, 70 L.R.A. 221, 106 Am.St.Rep. 36, 2 Ann. Cas. 962; City of San Gabriel v. Pacific El. Ry. Co., 129 Cal.App. 460, 18 P.2d 996; Lutes v. Louisville & Nashville Railroad Co., 158 Ky. 259, 164 S.W. 792; Nichols, Eminent Domain, 2d Ed., vol. 1, p. 243; see also Lyford v. City of Laconia, 75 N.H. 220, 72 A. 1085, 22 L.R.A.,N.S., 1062, 139 Am.St.Rep. 680."

See also City of Los Angeles v. Fiske, 117 Cal.App.2d 167, 255 P.2d 445.

■ Ordinarily, in the absence of a special value, the price fixed for the abutting lots taken in condemnation would include any value of the underlying abutting fee in the streets and alleys carried with condemnation of such abutting lots. In this case, however, the parties stipulated that neither the ownership, value nor compensation for the underlying naked fee in the streets and alleys on which defendant's lots abutted was to be offered or heard in determination of the value of defendant's lots in the eminent domain proceedings. They stipulated that if the state is required to compensate defendant for taking the fee title underlying the easement in the streets and alleys, the value of such underlying fee estate should be the price per square foot determined to be the value of the adjoining lots. It has been agreed between the parties that based upon that formula, the stipulated value of the underlying fee estate taken from defendant amounts to approximately $875.00.

■ The highway commission has thus stipulated that in this instance defendant's fee title underlying the surface easement does have a substantial value separately from the use of the surface of the land. Only because of the stipulated sub-

stantial separate value, we hold that defendant's underlying fee title in the streets and alleys, taken by the highway commission in this proceeding is compensable.

It follows that the judgment appealed from must be reversed and the cause remanded to the district court to vacate the judgment appealed from, and to enter judgment in defendant's favor for the value of her underlying fee title in the streets and alleys in accordance with the stipulation between the parties.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.