**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN LAND IN the COUNTY OF COOK, STATE OF MINNESOTA, and the State of Minnesota, and Unknown Owners, et al., Defendants.**

Civ. No. 5-65-27.

United States District Court
D. Minnesota,
Fifth Division.

Dec. 8, 1965.

Miles W. Lord, U. S. Atty., Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Robert W. Boyd and Ray W. Bruess, Duluth, Minn., for Lloyd K. Johnson.

DONOVAN, District Judge.

This is a condemnation case. Plaintiff is taking, under its power of eminent domain, three small parcels of land located near the Canadian border, and Lake Superior, for the declared purpose of establishing border facilities along U. S. Highway 61.

The land being condemned is entirely included within the bounds of a highway easement obtained by defendant State of Minnesota by condemnation several years ago from defendant Lloyd K. Johnson. Defendant Johnson still owns most of the property on either side of the highway easement, and one of the three parcels of land being condemned herein is adjacent to his property. He retains any property interest within the bounds of the highway easement which was not previously condemned by the State of Minnesota, and he herein opposes the taking thereof and claims he is entitled to compensation therefor. The State of Minnesota has relinquished its claim and is no longer in this controversy.

Plaintiff originally filed a motion to strike certain portions of defendant's answer, and a motion for judgment on the pleadings, and a hearing was held there on by this Court. Subsequently, plaintiff filed a motion for summary judgment. Both parties submitted affidavits and briefs, and they appear to agree that the motion now properly [1] before this Court is the motion for summary judgment. In any posture, the question herein is the same, one of law, whether defendant Johnson has a compensable interest in the land being condemned.

Plaintiff argues that the fee simple interest retained by defendant is no better than a mere possibility of reverter, and is therefore not compensable. It is true that if the State of Minnesota had originally taken a determinable fee, leaving defendant with only a possibility of reverter, he would be entitled to no more than nominal compensation for the condemnation of this interest.[2] But there is no doubt that a fee simple interest is a greater interest in land than a possibility of reverter. Yet, it is the conclusion of this Court that in the present situation there is no valid distinction between the two interests. Defendant's fee simple interest is merely a "naked" title, as it is burdened by a substantially exclusive easement for highway purposes, and defendant retains no right to

---

1. See Rule 12(c), Federal Rules of Civil Procedure.

2. Woodville, Okl. v. United States, 10 Cir., 152 F.2d 735; People of Puerto Rico v. United States, 1 Cir., 132 F.2d 220; United States v. 16 Acres of Land, D.C.Mass., 47 F.Supp. 603; United States v. 1119.15 Acres of Land, D.C.E.D.Ill., 44 F.Supp 449; United States v. 2,184.-81 Acres of Land, D.C.W.D.Ark., 45 F. Supp. 681; Restatement, Property, § 53, Comment (b); Annotation, 81 A.L.R.2d 568, 570; Cf. State by Mondale v. Independent School District No. 31, 266 Minn. 85, 123 N.W.2d 121.

the use and enjoyment of this land.[3] The highway is a permanent improvement, and there is no reasonable probability that the use of the land for highway purposes will be discontinued in the near future; indeed the necessity for this proceeding indicates the contrary. The fee interest of defendant in this case is the substantial equivalent of a possibility of reverter, and therefore the same reasoning should be applied and the same result should follow. His interest has merely nominal value.

The available federal authority supports this Court's conclusion that defendant's interest is non-compensable.[4] State authority is in accord.[5]

Defendant's chief concern is that the Government is by this proceeding depriving him of the right of access to the highway, a valuable right. He alleges that the Government is going to take away his access at all points by the construction of a fence along the highway right-of-way. Such an allegation is immaterial here, and the issue is raised prematurely, since the Government has not yet taken such access, and is in this proceeding merely condemning three small parcels of land. This Court clearly cannot order the Government to take any more property in this proceeding, as requested by defendant.[6]

Defendant also claims that his right of access is being taken over the one parcel of land which is adjacent to his land. Such right of access is a right incident to his wholly-owned land which borders on the highway right-of-way. It is not a property right in the parcel of land being condemned, such as an easement within the existing highway right-of-way. If it were such, defendant would also have a "right of access" in the parcel which is located between the two separate surfaced portions of Highway 61. No doubt defendant has a right of access to the highway from his adjacent land, but this is not a right to access at any and all points. Loss of access here, if any, is de minimis, as the point at which the parcel in question is adjacent to defendant's land is only 36 feet wide. Defendant still has adequate access to the highway.

Defendant in his answer alleges that the taking of only the three small parcels in this proceeding is arbitrary and capricious, as such property cannot be reasonably used for the purposes intended without the taking of additional rights. Defendant's authority is inapposite. The taking is admittedly for a public purpose, and this Court may not second guess the Government on the practical question of whether the property can reasonably be used for the purposes intended.[7] The remaining allegations in defendant's answer are obviously not valid defenses to a taking.

---

3. Defendant does not allege that the land has any special value, or value separate from the use of the surface, e.g., minerals.

4. United States v. Certain Parcels of Land, D.C.Md., 54 F.Supp. 667, 669; United States v. 25.4 Acres of Land, D.C.E.D. N.Y., 71 F.Supp. 248, 251, reversed on other grounds, United States v. Brooklyn Union Gas Co., 2 Cir., 168 F.2d 391; See Karlson v. United States, 8 Cir., 82 F.2d 330; Terminal Coal Co. v. United States, 3 Cir., 172 F.2d 113; See also Territory of New Mexico v. United States Trust Co., 172 U.S. 171, 182–183, 19 S.Ct. 128, 43 L.Ed. 407; United States v. Cress, 243 U.S. 316, 328, 37 S.Ct. 380, 61 L.Ed. 746; Western Union Tel. Co. v. Pennsylvania R. R., 195 U.S. 540, 570, 25 S.Ct. 133, 49 L.Ed. 312.

5. State ex rel. State Highway Commission v. Myers, 72 N.M. 319, 383 P.2d 274; City of Los Angeles v. Fiske, 117 Cal.App.2d 167, 255 P.2d 445; See City of Bellevue v. Underwood, 59 Wash.2d 793, 370 P.2d 861; Joint School Dist. No. 1 v. Bosch, 219 Wis. 181, 262 N.W. 618; Annotation, 81 A.L.R.2d 568, supra note 2, at 569; 29A C.J.S. Eminent Domain § 157.

6. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27; United States v. Brondum, 5 Cir., 272 F.2d 642; Oyster Shell Products Corp. v. United States, 5 Cir., 197 F.2d 1022.

7. Berman v. Parker, supra note 6.

Having carefully considered the record, the briefs, and the oral arguments of counsel, and having examined the law applicable to the undisputed facts, it is hereby determined that there are no material facts remaining in issue,[8] and summary judgment ought therefore to be granted. Summary judgment is hereby entered for the plaintiff in this condemnation proceeding, and it is adjudged that defendant is entitled to compensation herein only in the nominal sum of one dollar ($1.00).

It is so ordered.

8. Rule 56, Federal Rules of Civil Procedure.