PHILLIP BARNETT, APPELLANT, v. COUNTY OF WASHOE, STATE OF NEVADA, RESPONDENT.

No. 6129

November 2, 1970                    476 P.2d 8

*Barry & Hall,* of Reno, for Appellant.

*William J. Raggio,* District Attorney, and *Steve Lane,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The narrow issue presented for our consideration on this appeal calls for our interpretation of the habendum clause set forth in the original deed that conveyed the property known as the Washoe County Golf Course to Washoe County.

### 1. *The Facts.*

In 1935, Messrs. Harlan L. Heward and Leo F. Schmitt and Country Club, Inc., owners of the property in question, deeded it to the County. The deed contained the following provision:

"This deed is made subject to the additional *covenant,* that the premises hereby conveyed shall be used and operated for golf and golfing purposes, and *that in the event any use is made* of said premises for other or contrary purposes, the title to the premises hereby conveyed shall revert to the Grantors herein, their heirs and successors, as their respective interest shall then appear." (Emphasis added.)

The County completed the golf course in 1936. It has been in continuous use since that time.

On March 31, 1936, Harlan L. Heward conveyed to the corporation, Country Club, Inc., (1) all his interest in an adjoining parcel of property (designated Parcel A) that was owned by Messrs. Heward, Schmitt, and the corporation and (2) his interest in the property upon which the golf course was situated (designated Parcel B).

In 1940, the appellant-plaintiff, Phillip Barnett, as beneficiary of a deed of trust, acquired Parcel A by foreclosure. The interest in the Golf Course was inadvertently omitted at that time, but the deed was corrected in 1953 to reflect the transfer to Barnett of whatever interest remained in Parcel B. Three years later, in 1943, Mr. Barnett sold Parcel A to Edward P. Waltz. Twenty-nine years later, in February 1969, Mr. Barnett commenced the present action in district court seeking a declaratory judgment decreeing that "the plaintiff [Barnett] have a reversionary right in and to the real property [Golf Course] . . ." The trial judge rejected Barnett's claim; hence, this appeal. We agree with the ruling of the district judge, and we affirm the judgment of the lower court.

### 2. *A Covenant vs. A Condition Subsequent.*

A clause in a deed imposing a restrictive use on the grantee will be considered as a covenant rather than a condition subsequent when that can reasonably be done. A condition and restriction must be interpreted in the light of the deed as a whole in order to ascertain the interest of the parties. Tamalpais Land & Water Co. v. Northwestern Pac. R. R. Co., 167 P.2d 825 (Cal.App. 1946); Rosecrans v. Pacific Elec. Ry. Co., 134 P.2d 245 (Cal. 1943).

If the meaning of the deed is not clear, the court may resort to established rules of construction to aid in the ascertainment of the grantor's intention by extrinsic means, where such intention cannot otherwise be ascertained. Davis v. Moore, 387 P.2d 483 (Okla. 1963); Brown v. Huckabaa, 89 So.2d 180 (Ala. 1956); Koff v. Frank, 194 N.Y.S.2d 753 (N.Y.App. 1959). The district judge did so in the instant case by receiving into evidence the written offer of the donor-grantor offering the land to the County[1] and the acceance of that offer as reflected in the minutes of the Washoe County Commissioners' meeting of May 1, 1935.[2]

"March 13th, 1935.

[1]"Golf Committee of the Reno Chamber of Commerce
Reno, Nevada

City Council of the City of Reno,
Reno, Nevada.

Board of County Commissioners of Washoe County, Nevada,
Reno, Nevada.

Gentlemen:

I hereby offer to donate to you, or to such public agency as you may designate, the West 54.75 acres of what is known as the Reno Golf Course, as said area is described upon that certain plat which is attached to and made a part of this letter.

The terms of the offer are as follows:

1.   That upon said acreage, together with other available or purchasable acreage, *there be constructed* an eighteen hole standard municipal or public golf course.

2.   That said golf course *be constructed* prior to August 1st, 1936.

I state to you that the two parties to whom I have outstanding commitments have approved the making of this offer and have agreed to join in the execution of any and all necessary conveyances.

As soon as you have acquired other necessary acreage and are prepared to commence construction, I will place in escrow a *gift deed* conveying *clear title* to the described and platted acreage, to such public corporation or agency as you may designate. (Emphasis supplied.)

"Sincerely yours,

HLH:M"

[2]"IT IS FURTHER RESOLVED: That Washoe County accept the offer of Harlan L. Heward donating to said County 54.75 acres of land to be used for the purpose and subject to the conditions stated in such offer, dated March 13, 1935, a copy of which is attached hereto annexed."

In his written decision, the district judge, in commenting on the donor-grantor's offer and its acceptance by the County, stated:

"It is noted in passing that neither the letter proposal nor the resolution contained any reference to any reversionary rights. The language of the offer '. . . I will place in escrow a gift deed conveying *clear title* to the described and platted acreage . . .' [emphasis added] is clear and convincing evidence of the intention of all parties concerned. There appears no other evidence herein which would authorize the duly elected Commissioners at that time to accept the grant on any other basis than as proposed. The additional language, at most, appears to be an afterthought—included in case the golf course was not constructed in accordance with the proposal. Emphasis is on the actual prompt *construction* of the golf course—with use of land as such automatically and necessarily following construction and being so understood.

"The County's acceptance of subject deed was not without assumption of affirmative obligation, as well as consequent direct benefit which enured to the grantors.

"In this connection the Court finds that the County of Washoe has faithfully and fully performed all the terms and conditions of Deed for more than 30 years without interruption, developing the subject property to the point where today it is an enviable landmark which has been used and enjoyed by its rightful beneficiaries, the citizens of Washoe County and the public at large. The County's full performance of the subject covenant to date, coupled with every apparent indication of continuous use of the property for golf purposes for an indefinite period of time, plus continuous expenditure of substantial amounts of public funds to improve and maintain the property has clearly earned the County the right to *clear title* to this property as against Plaintiff's assertion of a mere 'naked' alleged, reversionary interest." (Emphasis in original.)

We agree with the ruling of the district judge.

A condition involving a forfeiture shall be strictly interpreted against the party for whose benefit it was created. As the court said in Gramer v. City of Sacramento, 41 P.2d 543, 545 (Cal. 1935):

". . . '. . . Such conditions [conditions subsequent] are not favored in law because they tend to destroy estates, and no provision in a deed relied on to create a condition subsequent will be so interpreted, if the language of the provision will bear any other reasonable construction. . . .' . . ."

Particularly is this so when the grantee is a governmental agency. As the court declared in P C K Properties, Inc. v. City of Cuyahoga Falls, 176 N.E.2d 441, 444 (Ohio App. 1960):

"A review of the many leading cases in the various states leads to the conclusion that there is a common judicial aversion toward the termination of estates or their forfeiture upon the exercise of rights of re-entry, where the grantor [sic] is a public entity such as a state, county or municipal corporation. There appears to be an expressed reluctance to hold that either a determinable fee, or an estate upon condition subsequent, has been created."

A parallel case to the instant one is Savanna School Dist. v. McLeod, 290 P.2d 593, 594 (Cal.App. 1955), where land to be used for a public school was deeded to a school district with the following habendum clause:

" 'Said land is hereby conveyed to said party of the second part for public school purposes only, and it is expressly understood and agreed that as a consideration for this conveyance said party of the second part shall build and maintain a public school building on said land, and that the title and ownership of said land shall revert to said parties of the first part upon a failure by said party of the second part to erect and maintain a building thereon to be used exclusively for public school purposes.' " See also Hawe v. Hawe, 406 P.2d 106 (Idaho 1965); Bornholdt v. Southern Pac. Co., 327 F.2d 18 (9th Cir. 1964); and Alamo School Dist. v. Jones, 6 Cal.Rptr. 272 (Cal.App. 1960).

Although the word "covenant" was not used in the Savanna habendum clause, and no extrinsic evidence, such as the original donor-grantor's offer, was received, as it was in this case, the California court concluded that a covenant only was intended by the parties and that "the use of said [school] building for said school purposes for a period of forty-five years constituted a full performance by plaintiff [school district] of all the terms and provisions of said [the questioned] deed; . . ."

In the instant case, the County has continuously operated the Golf Course for 34 years. We hold that the language of the habendum clause in the deed conveying the property to the County for a golf course may be reasonably interpreted as a covenant to install and operate a golf course by the County

for the use and enjoyment of the general public; that the covenant has been met and satisfied; and that therefore the appellant, Barnett, has no reversionary interest in the Washoe County Golf Course. The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.