[L. A. No. 13280. In Bank.—March 28, 1932.]

HANS CARSTENSEN et al., Respondents, v. E. F. GOTTESBUREN, Appellant.

Arthur T. French, for Appellant.

Overton, Lyman & Plumb and William R. James for Respondents.

WASTE, C. J.—From a judgment entered in favor of plaintiffs the defendant Gottesburen alone appeals.

The complaint contains allegations usual to the statement of a cause of action in claim and delivery and prays for the return of a fishing barge known as the "Point Loma". In his answer the appellant denies plaintiffs' ownership of the property; denies demand for possession by plaintiffs; denies that at the time the action was filed he was retaining possession without the consent of plaintiffs; admits his possession and asserts his right thereto; and also asks for a return of the property with damages. The defendant Sheldon suffered his default to be taken.

It appears that by written instrument bearing date February 1, 1927, the respondents leased the barge in question to the appellant for a period of three years, to be used by him as a fishing barge, and he was to pay to the respondents as rental therefor one-third of the gross receipts collected by him as admission fees charged to persons using the same for fishing purposes. Such sums so collected were

to be paid to the lessors on or before the fifth day of each month for the preceding month. The lease also provided that it should not be assignable and that the lessee should not sublet any part of the barge without the written consent of the lessors.

Appellant obtained possession of the barge under said lease. Within three months thereafter, and in disregard of its provisions, the appellant by written instrument sold, assigned, transferred and conveyed to the nonappealing defendant Sheldon, as a partner, an undivided one-half interest in the lease. Subsequently appellant failed to pay the rent reserved. The lease contained no clause providing for its forfeiture in the event of nonpayment of rent or of an assignment in breach of its provisions. The trial court upon competent evidence found that the appellant had breached the lease in the particulars mentioned and thereupon gave judgment decreeing a return of the barge to the respondents; hence this appeal.

The transaction out of which this litigation arises falls within that type of bailment which is for the benefit of both parties thereto and which has been defined as one wherein a person gives to another the temporary use and possession of property, other than money, for a reward, the latter agreeing to return the same to the former at a future time. (Sec. 1925, Civ. Code; *Oakland Barge & Lighter Co.* v. *Foster,* 25 Cal. App. 193 [143 Pac. 83].)

Appellant's principal contention both upon the trial of the cause and upon this appeal is that in the absence of a clause in the lease providing therefor, a breach of covenant (as distinguished from a condition) does not work a forfeiture. In support thereof he refers us to section 1931 of the Civil Code as specifying the only conditions and circumstances warranting the termination of a bailment by the lessor before the end of the term. That section reads as follows:

"The letter of a thing may terminate the hiring and reclaim the thing before the end of the term agreed upon:

"1. When the hirer uses or permits a use of the thing hired in a manner contrary to the agreement of the parties; or,

"2. When the hirer does not, within a reasonable time after request, make such repairs as he is bound to make."

By the first subdivision of the foregoing section, the lessor may terminate the hiring when the lessee "permits a use of the thing hired in a manner contrary to the agreement of the parties". Under the terms and provisions of the lease here involved the barge was placed in the appellant's possession for *his* sole and exclusive use and operation as a fishing barge. That the parties intended confining its use and operation exclusively to the appellant is established by the clause in the instrument which precludes and prohibits the appellant from assigning the lease or subletting any part of the barge without having first procured the written consent of the respondents. They did not consent to an assignment of the lease, and, therefore, to permit of the use and operation of the barge by one not a party to the hiring (and one not acting as agent or employee of the lessee), is to permit "a use of the thing hired in a manner contrary to the agreement of the parties" just as effectively and as completely as though the lessee had used the barge for illicit "rum-running" purposes when the provisions of the lease required that it be engaged only as a fishing boat. Therefore, for the appellant to transfer the lease, or any interest therein, to Sheldon, a stranger to the hiring, or to a corporation, a partnership, or any other entity, having no connection therewith, when the lease by its terms forbade such a transfer and engaged only to permit of appellant's use of the barge, constituted, in our opinion, a positive violation of the terms of the hiring and permitted "a use of the thing hired in a manner contrary to the agreement of the parties" within the meaning of subdivision 1 of section 1931, *supra*. This being so, the respondents, as lessors, were authorized by the cited section to terminate the hiring and reclaim the barge before the end of the term agreed upon. The action of the trial court in decreeing a return of the barge to the respondents was therefore proper.

Appellant next attacks the sufficiency of respondents' demand for a return of the barge. The trial court found, upon competent evidence, that prior to the commencement of suit and while the appellant and Sheldon were in posses-

sion of the barge, the respondents had demanded possession thereof, which demand was refused. It was not necessary, as contended by appellant, that the respondents personally make the demand. The demand made for them by and through their duly authorized attorney was sufficient.

Nor do we find any merit in the claim that the evidence fails to show that a demand for possession had been made upon the defendant Sheldon. Inasmuch as the appellant and Sheldon were partners and in possession of the barge, a notice to or demand upon either was sufficient. Section 2406 of the Civil Code provides that, ''Notice to any partner of any matter relating to partnership affairs, . . . operates as notice to . . . the partnership . . .'' Moreover, section 2403 of the Civil Code makes an individual partner an agent for the partnership in the transaction of its business, and under section 2332 of the same code, notice to the agent is notice to the principal.

Appellant's contention that the defendants herein were sued as individuals and not as partners does not assist him. The defendant Sheldon suffered his default to be entered in the trial court and by so doing admitted the allegations of the complaint as to demand being made upon him for a return of the property. Appellant cannot, therefore, raise this question as to the nonappealing defendant Sheldon.

Other matters discussed by the appellant in his briefs are without merit and do not suggest a different conclusion.

The judgment is affirmed.

Curtis, J., Langdon, J., Preston, J., Shenk, J., and Seawell, J., concurred.