[Civ. No. 3146. Fourth Dist. Jan. 24, 1945.]

EARL S. SHAW, Respondent, v. GUARANTY LIQUIDATING CORPORATION (a Corporation), Appellant.

Geo. W. Fenimore for Appellant.

Leonard R. Seaman for Respondent.

GRIFFIN, J.—On January 23, 1937, plaintiff and his wife, by ''Partial Assignment of Lease'' assigned to defendant corporation a certain oil and gas lease dated July 2, 1928, between the United States of America, as lessor, and plaintiff, as lessee. Insofar as said lease pertains to and affects a portion of the lands originally demised under the ''Partial Assignment'' defendant agreed to make application to the Secretary of the Interior for approval of said assignment within ninety days after delivery thereof to defendant ''. . . *and that if said assignee shall not have procured such approval within 1 year after delivery to him of this assignment, then and in that event said assignment shall be null and void and of no effect.* . . . The Assignee agrees that he will comply with all of the terms, conditions and covenants provided in said lease to be kept and performed by the lessee, . . .''.

Defendant made timely application for the approval of the assignment on or about April 15, 1937, and in reply thereto the Secretary of the Interior notified defendant to furnish evidence of its corporate capacity to acquire the leasehold interest conveyed by the partial assignment and to furnish a $5,000 surety bond in favor of the United States of America, as lessor, guaranteeing faithful performance of the original lease obligations, insofar as they pertained to and affected the portion of the demised premises covered by the partial assignment. No action in this regard was taken by defendant. Subsequently, by letter dated November 24, 1937, the Commissioner of the General Land Office again notified defendant that it would be necessary for it to furnish the requisite $5,000 lease bond before the Secretary of the Interior would approve the partial assignment.

Defendant made no effort to comply with the requirements of the Secretary of the Interior until September, 1942, at which time it filed a ''Petition for Supplemental Showing.'' The required lease bond was not filed until May 22, 1943, six days prior to the trial of this action, and over six years after the notice from the General Land Office wherein defendant was first apprised of the requirement.

Plaintiff brought this action to quiet his title to the leasehold estate created by the above mentioned oil and gas lease, in-

sofar as the same pertains to and affects the portion of the lands covered by the partial assignment from plaintiff to defendant.

■ Plaintiff's claim of title is based upon the clause in the above italicized provision in the partial assignment. The questions presented are these: Does the above italicized language of the partial assignment create a condition subsequent which terminated the estate conveyed upon the happening of the specified event? Is defendant entitled to relief from the forfeiture therein provided?

It is defendant's argument on this appeal that under the rule of strict construction the language of the assignment constitutes a *covenant* and not a *condition*, and that since time is not of the essence of the assignment and that since exact compensation can be made for any delay, a forfeiture will not be permitted, and that under equitable rules, the defendant will be relieved from such forfeiture, citing such cases as *Victoria Hospital Assn.* v. *All Persons,* 169 Cal. 455 [147 P. 124]; *Joyce* v. *Krupp,* 83 Cal.App. 391 [257 P. 124]; *Hopkins* v. *Woodward,* 216 Cal. 619 [15 P.2d 499], and sections 1442 and 1492, Civil Code. The authorities in this state have uniformly held that the intent of the assignor, as construed from the language used, determines whether a condition or a mere personal covenant has been imposed. (*Victoria Hospital Assn.* v. *All Persons, supra; Firth* v. *Marovich,* 160 Cal. 257 [116 P. 729, Ann.Cas. 1912D 1190]; *Firth* v. *Los Angeles Pacific Land Co.,* 28 Cal.App. 399 [152 P. 935]; *Rosecrans* v. *Pacific Electric Ry. Co.,* 21 Cal.2d 602 [134 P.2d 245].)

Language similar to that used in the partial assignment of lease, which is the subject of this action, has been construed by the courts as evidencing the intent of the assignor to create a condition subsequent. (*Carstensen* v. *Gottesburen,* 215 Cal. 258 [9 P.2d 831]; *Knight* v. *Black,* 19 Cal.App. 518 [126 P. 512]; and *Rosecrans* v. *Pacific Electric Ry. Co., supra.)

The natural construction of the language used in the partial assignment of lease above mentioned is that the defendant consents to the imposition of the condition requiring the approval of the Secretary of the Interior to the partial assignment within the specified time. Defendant agrees, if such approval is not procured within the specified time, then and in that event the assignment shall be null and void and of no effect.

It is difficult to conceive that the plaintiff, as assignor, intended that the partial assignment should continue to be valid and subsisting if the approval of the Secretary of the Interior was not obtained within one year after delivery thereof. The words "null and void" and "no force and effect" have a clear and unmistakable meaning, a meaning which leaves no doubt as to the intention of plaintiff as assignor under the partial assignment. At least, the trial court was fully authorized, under the cases cited, to so find from a reasonable interpretation of the entire document and intent of the parties as disclosed by the evidence.

Defendant, in its answer, set forth certain facts which it claimed justified its actions in waiting for a period of nearly six years before it endeavored again to secure the approval of the partial assignment by the Secretary of the Interior. The trial court found such allegations to be untrue and that the evidence did not entitle it to equitable relief under section 3275 of the Civil Code. The evidence fully supports this finding. In the instant case, the general rule that equity will not ordinarily enforce a forfeiture does not apply, for in the instant case, on the happening of the specified event, namely, the failure of defendant to procure the approval of the Secretary of the Interior within the specified time, the estate conveyed by the partial assignment automatically terminated and the trial court's sole duty was to ascertain the happening of that event, and upon proof thereof, to affirm the termination of the estate. The court was not called upon to forfeit defendant's interest. That had already occurred. (*Parsons* v. *Smilie,* 97 Cal. 647 [32 P. 702]; *Crowell* v. *City of Riverside,* 26 Cal.App.2d 566, 582 [80 P.2d 120]; *Phillips* v. *Bruce,* 41 Cal.App.2d 404 [106 P.2d 922].)

Section 1492 of the Civil Code provides that "Where delay in performance is capable of exact and entire compensation, and time has not been expressly declared to be of the essence of the obligation, an offer of performance, accompanied with an offer of such compensation, may be made at any time after it is due, but without prejudice to any rights acquired by the creditor, or by any other person, in the meantime."

The performance required by the defendant was the procurement of the approval of the Secretary of the Interior to the partial assignment within one year after delivery thereof. Inasmuch as that approval has never been obtained, it is impossible for defendant to tender a performance of that

obligation. Inasmuch as plaintiff assigned the lease as to a portion only of the lands originally demised thereunder, plaintiff would, in the absence of approval of the partial assignment, run the risk of forfeiting the lease as to the land retained by him for breach of the covenant against assignment. (*Carstensen* v. *Gottesburen, supra; Crowell* v. *City of Riverside, supra.*)

At all times since the execution and delivery of said partial assignment, plaintiff has been liable to the lessor under his lease for performance of the obligations of the lessee thereunder, not only as to the land retained by him but also as to the lands covered by the partial assignment. This is evidenced by the fact that since the termination on December 1, 1941, of the rental relief granted by the government under the lease, demand was made on plaintiff, not defendant, for the payment of rental due on the lands covered by the partial assignment.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1945.