[Civ. No. 3905. Fourth Dist. July 14, 1948.]

PAUL C. FOWLER, Respondent, v. J. TRESCOTT VAUGHAN, Appellant.

Solon S. Kipp and W. E. Starke for Appellant.

Ruel Liggett and Roy M. Cleator for Respondent.

BARNARD, P. J.—The plaintiff and the defendant Vaughan are chiropractic physicians. On September 1, 1946, they entered into a conditional sales contract under which Dr. Fowler agreed to sell his lease to seven rooms in a certain building to Dr. Vaughan, together with the furniture and equipment therein, and with the right to retain Dr. Fowler's name on the door for two years and to continue professional relations with his "present patients." The purchase price was $10,000, payable $3,000 in cash and $300 monthly until fully paid. The agreement provided that title was to remain in Dr. Fowler until full payment of the purchase price, with the right to reoccupy and repossess the property if not paid in accordance with the agreement.

On February 1, 1947, Dr. Fowler opened a new office in one room on another floor of the same building, limiting his practice to one matter. On March 3, 1947, Dr. Vaughan gave a chattel mortgage to the defendant Keiffer covering these same properties, in which he stated that he was the sole owner thereof and that there were no other liens or encumbrances thereon. On April 9, 1947, Dr. Vaughan gave to Dr. Fowler a written statement admitting that $4,525 was still due under

the conditional sales contract whereby he was purchasing these properties.

This action was filed on May 7, 1947. The complaint alleged that the defendant Keiffer claimed that this chattel mortgage was superior to the rights of the plaintiff, and that a dispute had arisen between the parties in this regard, and prayed that plaintiff's rights under the conditional sales contract be declared to be superior and prior to any claims under the chattel mortgage. On May 29, 1947, the defendants answered alleging that the defendant Vaughan had become the sole owner of the property through the payment of the unpaid balance under the conditional sales contract, and that the chattel mortgage held by the defendant Keiffer was superior and prior to the rights of the plaintiff.

On June 30, 1947, Dr. Vaughan told the plaintiff that he would make no further payment on the contract and that he would not give him another dime until and unless he was ordered to do so by the court. On August 14, 1947, the plaintiff filed an amended and supplementary complaint in which, after referring to his previous complaint, he alleged that since those transactions had taken place the defendant had refused to make further payments on the original contract, had denied any liability thereunder, was now in default, and had failed after demand to return the property. The prayer was for the relief prayed for in the original complaint and in addition thereto that the plaintiff be awarded possession of the property. On September 6, the defendant Vaughan filed an amended answer and an answer to the supplementary complaint. He alleged therein that the plaintiff had violated the original contract by reopening an office in the same building, by removing certain files from the office of this defendant, and by contacting several former patients; that this defendant had offered to pay to the plaintiff $3,000 less than the amount called for by the contract; and that the actions of the plaintiff had damaged this defendant in the amount of $6,000. The prayer was that the plaintiff take nothing, that the court declare the contract paid in full, and that this defendant have judgment for $6,000.

At the trial, the defendants attempted to sustain the validity of the chattel mortgage held by Keiffer by contending that Dr. Fowler had turned over full title to the properties to Dr. Vaughan at the time the original contract was entered into, by consenting to another chattel mortgage given by Dr. Vaughan to the California Chiropractic Association, in order

to secure funds which were used to make the first $3,000 payment, and which mortgage had been paid off in the meantime. The court properly held that Dr. Fowler had consented to the making of that loan, whether or not he knew that a mortgage was given, but that such consent did not pass full title to Dr. Vaughan or in any way authorize or justify his subsequent mortgaging of the property to Keiffer.

The defendant Vaughan further attempted to prove that Dr. Fowler had breached the contract by reentering business in the same building within two years. While there was some conflict in the evidence in this regard there was ample evidence that this was done for a limited purpose only, that it was done with the full knowledge and consent of Dr. Vaughan and at his suggestion and request, and that there was no interference whatever with Dr. Vaughan's business. Moreover, the original contract contained no agreement that Dr. Fowler would not reenter business within two years and, as stated by the trial court, Dr. Vaughan had with full knowledge and without objection continued making monthly payments, and had thereafter signed the statement admitting that the original contract was in full force and that the remaining balance was unpaid.

The court found in all respects in favor of the plaintiff finding, among other things, that in the chattel mortgage to Keiffer the defendant Vaughan had stated that he was the owner of the chattels listed therein; that the plaintiff was in fact the owner of said chattels in accordance with the conditional sales contract; that the claim of Keiffer was inferior to that of the plaintiff; that it was not true that the plaintiff had relinquished title to these chattels to the California Chiropractic Association or that Dr. Vaughan became the sole owner thereof when the mortgage to that association was paid; that the defendant Vaughan had refused to make further payments on the contract; that he had failed to return the property after demand made therefor; that it was not true that the defendant Vaughan offered to pay the amount due on the contract or the amount which he claimed was all that was due; that it was not true that the plaintiff violated any of the conditions or covenants of the conditional sales agreement; and that it was not true that the defendant Vaughan had been damaged through the actions of the plaintiff in the sum of $6,000 or in any other amount. Judgment was entered decreeing that the plaintiff's title is supe-

rior to that of the defendant Keiffer under his purported chattel mortgage and awarding the plaintiff, as against the defendant Vaughan, restitution and possession of the premises and properties. From this judgment the defendant Vaughan has appealed.

The appellant first contends that the document signed by him on April 9, 1947, admitting that a balance of $4,525 remained due on the conditional sales contract, did not constitute a waiver of the respondent's breach of the contract by reentering business. The court remarked at the conclusion of the case that if there was a breach of the contract on the part of the respondent this document, with certain other evidence, would sufficiently disclose a waiver. There can be no question that the evidence fully sustains this conclusion. However, the court found that no such breach had occurred, and this finding is not questioned and could not well be questioned in view of the ample supporting evidence in the record.

It is next contended that the court erred in stating that the appellant had refused to make further payments on the contract. It is argued that the appellant had merely stated that he would pay nothing further until or unless he was ordered to do so by the court, and that since the action was pending he was under no obligation to make any payments until the case was decided. In his answer to the original complaint the appellant alleged that the balance due under the conditional sales contract had been fully paid, and that he had become the sole owner of the property and all thereof. After the amended and supplementary complaint was filed the appellant again answered and denied that anything was due and asked for a judgment declaring that all amounts called for by the original contract had been paid in full. The appellant not only discontinued making payments but told the respondent he would pay nothing further. That was appellant's position throughout the trial and at all times until after the case had been decided by the court. The court's statement and finding are fully supported by the evidence.

Appellant's final contention is that "plaintiff did not come into court with clean hands." It is also argued in this connection that under its equitable powers the court had the authority to allow the appellant a reasonable time within which to bring the payments on the contract up to date. It is argued that the respondent did not come to court with clean hands because he surreptitiously entered the appellant's

office and removed certain documents and materials. While there is some evidence to this effect there is an abundance of evidence to the contrary. The appellant's own position under this equitable rule is much more questionable. His claim to full ownership of the property, that the remaining balance of the contract had been fully paid, that he had a right to mortgage the property, and his belated and unsupportable claim that the respondent had breached the original contract, all considered in the light of the evidence produced, strongly suggest a different application of this equitable rule.

With respect to the contention that the court should have permitted the appellant to make up the delinquent payments within a reasonable time, section 3275 of the Civil Code provides that this may be done except, among other things, where a failure to comply with the contract has been willful. As the court pointed out on motion for a new trial, there was no question that appellant's failure here in this regard was willful. Instead of merely failing to pay he refused to pay and consistently maintained that he was under no obligation to pay, that he had full ownership of the property, and that the respondent had no rights whatever. No abuse of discretion on the part of the trial court appears. (*Parsons* v. *Smilie,* 97 Cal. 647 [32 P. 702] ; *Shaw* v. *Guaranty Liquidating Corp.,* 67 Cal.App.2d 660 [155 P.2d 53] ; *Crowell* v. *City of Riverside,* 26 Cal.App.2d 566 [80 P.2d 120] ; *Phillips* v. *Bruce,* 41 Cal.App.2d 404 [106 P.2d 922].)

The judgment is affirmed.

Marks, J., concurred.