674

STATE OF CALIFORNIA, SUBSEQUENT INJURIES FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Stanley Mosk, Attorney General, and F. G. Girard, Deputy Attorney General, for Petitioner.

Everett A. Corten, Emily Johnson and Hanna & Brophy for Respondents.

VAN DYKE, P. J.—This is a proceeding brought in this court to review a "Decision After Reconsideration" rendered by the respondent commission on April 30, 1959. Our writ issued August 5, 1959.

Victor Koski, one of the respondents herein, filed an application with respondent commission on May 21, 1953, seeking workmen's compensation benefits for an industrial injury suffered through his having contracted the occupational disease of silicosis while engaged in underground metal mining operations. The commission made and entered its findings and award, holding that Koski had contracted the disease while working for numerous employers over a period of time aggregating about 25 years. The commission made its award in his favor solely against the Industrial Indemnity Exchange and Argonaut Mining Company, Ltd., who are respondents herein. The original award became final as to those respondents. They made payments to Koski over the years, and then filed a petition with the commission for an order directing the State of California Subsequent Injuries Fund to repay to them a part of the sums expended and the commission ordered that the Subsequent Injuries Fund, hereinafter called the Fund, repay to them 103/230ths thereof. The Fund applied for reconsideration, which was granted and the decision after reconsideration, here under review, affirmed the previous decision. Thereupon the Fund began this proceeding to review the final order.

The claim of Industrial Indemnity Exchange and Argonaut Mining Company, Ltd., for contribution from the Fund was based upon the provisions of section 5500.5 of the Labor Code as it read when the proceedings for contribution were begun. At that time the section provided that under certain circumstances the fund would be liable for reimbursement payments. After providing that all employers whose underground metal mining operations resulted in a silicotic exposure during the period of the employee's employment in such operations should be jointly and severally liable for the payment of compensation, the section proceeded as follows:

"If any of the employers who have not contributed to payment of the original award shall be without the commission's jurisdiction, or are dead, insolvent, or not subject to enforcement of awards against them for such contributions, either directly or through solvent insurance carriers, then upon such showing being made to the satisfaction of the commission,

it shall make an award in favor of the employer or employers who have paid the original award, payable out of the fund used for payment of the additional compensation provided for in Section 4751 of this code, in an amount equal to the unreimbursed portions of the original payment or payments to which such employer or employers are found entitled as aforesaid. The use of the fund for such reimbursement in addition to the purposes specified in Section 4751 of this code is hereby authorized.''

It appears that the right of respondents Industrial Indemnity Exchange and Argonaut Mining Company, Ltd., to obtain reimbursement from the fund rests entirely upon the quoted provisions of the statute.

 While this proceeding in review was pending in this court, there went into effect legislation amendatory of section 5500.5 of the Labor Code, which entirely deleted and repealed the quoted provisions authorizing reimbursement from the Fund. It is the contention of the Fund now that the effect of the repealing legislation was to destroy the right to reimbursement herein relied upon by said respondents.

We must uphold the contentions of the Fund herein, for it appears that while respondents' cause of action for contribution was pending in this court the statute which alone gave a right of contribution was repealed. ██ In 45 California Jurisprudence 2d, ''Statutes,'' section 88, pages 604, 606, it is stated:

''The repeal of a law does not validate a contract or other transaction which, before the repeal, was invalid. Conversely, the repeal of a statute does not ordinarily divest a right that is vested and complete at the time of the repeal. But where the right is not vested but inchoate, and the right or the remedy given by the statute is not of common-law origin, the right falls and the statutory remedy ceases, even after commencement of an action, on repeal, without a saving clause, of the statute, unless the right was converted into final judgment before the repeal, or unless there is subsequent law that enables the court to try and determine the right.

''The repeal of a statute conferring civil rights or powers operates to deprive the citizens of all such rights and powers that are at the time inchoate, incomplete, and unexercised. Thus, the repeal of a statute takes away the remedies afforded by it and defeats actions or proceeding pending under it at the time of the repeal, particularly where the cause of action

was created and the remedy given by the statute and was unknown to the common law.''

[redacted] That it was the intention of the Legislature to withdraw the right of employers to obtain contribution from the Fund is made manifest by the following language of the amendatory legislation:

"The amendments to this section adopted at the 1959 Regular Session of the Legislature shall operate retroactively, and shall apply retrospectively to any cases pending before the Industrial Accident Commission or courts. From and after the date this section becomes effective no payment shall be made out of the fund used for payment of the additional compensation provided for in Section 4751 of this code, or out of any other state funds, in satisfaction of any liability heretofore incurred or hereafter incurred, except awards which have become final without regard to the continuing jurisdiction of the commission on said effective date, and the State and its funds shall be without liability therefor. This paragraph shall not in any way effect a reduction in any benefit conferred or which may be conferred upon any injured employee or his dependents.''

Applying the foregoing rule, it is ordered that the decision of the commission here under review be annulled.

Peek, J., and Schottky, J., concurred.